GEORGE RUPENER, Appellee, v. CEDAR RAPIDS & IOWA CITY RAILWAY & LIGHT COMPANY, Appellant.

**RAILROADS:** Accident at Crossing—Contributory Negligence Per
1 Se—Evidence. Evidence reviewed, and held to present a jury question whether plaintiff was guilty of contributory negligence in going upon the crossing in question.

**TRIAL:** Reception of Evidence—Tolerating Evidence Under Promise
2 to Show Materiality. Testimony immaterial if standing alone, may be permitted to remain in the record pending the introduction of other promised testimony to show its materiality.

**APPEAL AND ERROR:** Harmless Error—Erroneous Reception of
3 Evidence—Withdrawal of Issue. The withdrawal of one of the issues or theories of a trial renders harmless any errors in the introduction of noninflammatory evidence on such theory. So held where evidence claimed to have been erroneous was introduced on the "last clear chance" theory of negligence, and later, such issue was wholly withdrawn from the jury.

**TRIAL:** Instructions Requested—Adequately Covering Issues—Un-
4 contested Matters. One is not entitled to a requested instruction in the precise form asked, even though it be correct. It is sufficient if the same thought permeates the instructions actually given, and especially if the issue in question is uncontested. So held where defendant requested an instruction on its right to precedence at public crossings.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

THURSDAY, NOVEMBER 23, 1916.

Action for damages for personal injuries. These were sustained in a collision of plaintiff's automobile with defendant's interurban car, at an intersection of the highway and the railway. There was a verdict for the plaintiff and judgment entered thereon, from which the defendant has appealed. —*Affirmed.*

*Dutcher, Davis & Hambrecht, John A. Reed* and *Barnes & Chamberlain,* for appellant.

*S. K. Stevenson, Milton Remley* and *Messer, Clearman & Olsen,* for appellee.

Evans, C. J.—The accident in question occurred at Iowa City, on July 11, 1912, at 6:30 P. M. The defendant operates an interurban railway between Cedar Rapids and Iowa City. The plaintiff was a resident of Iowa City, and lived near the line of railway at the place of the accident. The collision occurred at the intersection of the railroad with Burlington Street, which runs east and west, and intersects the railway line at right angles. The interurban car was proceeding south, 10 minutes behind its scheduled time. According to the time-table, a car was at that time due from the south. From Burlington Street, the view of the railway track towards the north was obstructed by houses and other buildings to a marked degree. The view was also greatly obstructed towards the south, but to a less extent. The plaintiff resided close by, and was familiar with the general conditions. At the time in question, he was driving his automobile along Burlington Street west, towards his home. As he approached the crossing, he slowed down to a speed of from 4 to 6 miles per hour. At a point approximately 30 feet from the track, he looked and listened for a car. He looked first to the north, but saw none. At that point, his possible view up the railway track was less than 100 feet. He then looked to the south and was looking south as he drove upon the track, at which

instant the car came upon him from the north. After the impact, the car ran a distance of about 80 feet before stopping, and thereby carried before it the plaintiff and his automobile. The vehicle was destroyed, and the plaintiff's personal injuries were very great.

The grounds of negligence charged in the petition were that the defendant was operating the car at an unlawful and dangerous rate of speed; that no gong or whistle was sounded, as required by statute, and that no signals of any kind were given; that, in view of the dangerous character of the crossing and the great amount of travel passing over the same, the defendant ought to have maintained a flagman at such crossing, or some automatic signal device to warn travelers of the approach of the car. There was evidence in support of all these grounds of alleged negligence. The appellant does not question here the sufficiency of the evidence to go to the jury on such questions. Its more important contention here is that, under the undisputed evidence, the plaintiff himself was guilty of contributory negligence, in that he drove his vehicle upon the track immediately in front of the oncoming car, when he could have seen the danger in time to prevent it, if he had looked north at that instant. To this question, we give our first attention.

1.   That the accident could have been avoided by the plaintiff if he had continued looking toward the north for the last 30 feet of his approach toward the rail, goes without saying. The question is, however, whether, under all the circumstances appearing in the record, his failure to do so was negligence as a matter of law. The testimony for plaintiff tends to show that the interurban car came at a speed of 20 to 25 miles or more per hour, and this in violation of an ordinance. The track at that place was a down grade of 10 inches to the hundred feet. The force of gravity, therefore, tended to lessen the noise of the approach, as well as

1. RAILROADS: accident at crossing: contributory negligence per se: evidence.

the control of the car. Taking the testimony for the plaintiff, no gong was sounded and no whistle had blown at the 60-rod point. No car was due from the north, according to the schedule at that particular time. A car was due from the south. This fact had a natural tendency to emphasize attention towards the south. The fact, also, that plaintiff had already seen a clear track to the north for the distance of about 90 feet, which was the full extent of his then view, tended to throw him off his guard in this direction, and to put him on his guard in the other direction. Such intervening distance of clear track could not have been covered by the car in time to cause a collision with the plaintiff, if the lawful rate of speed had been observed. That the plaintiff relied upon the observance of a lawful rate of speed by the defendant is a fact to be considered in his favor as bearing upon the question of contributory negligence. The question here presented is not free from difficulty. The courts ought not to and will not look lightly upon the act of driving an automobile over a railroad crossing in front of an oncoming train. In the fearful annual toll of accidents at such crossings, the autoist has his full share of responsibility, and the weight of it should not be lifted from him. Such a train is ordinarily discoverable, indisputably, both as a matter of fact and law. The power of prevention rests ordinarily more with the autoist than with the engineer of the train. But the circumstances of this case, as above indicated, are somewhat extraordinary. The fact that the plaintiff did look up the track while he was about 30 feet from the rail, and that the track was at that moment clear, as far as he could see, is a rather important circumstance. The degree of obstruction to the view in both directions, and the fact that the plaintiff knew that a train was due from the south at that moment, are circumstances also which cannot be ignored. Upon the whole record, we think the circumstances were sufficient to carry the question of contributory negligence to the jury.

2. On the question whether the defendant ought to have

maintained a signal device, the plaintiff introduced certain evidence tending to show that there were practical devices of such character in general use. One of the witnesses used for such purpose was Bradley, an employee of a steam railroad at Iowa City.

2. TRIAL: reception of evidence: tolerating evidence under promise to show materiality.

Bradley described an automatic electrical device in use by his company. On redirect examination, the fact was developed that his employment began in March, 1913. His personal knowledge, therefore, of the use of such device, did not antedate such point of time. This fact was developed by the following question and answer on redirect examination.

"Q. I overlooked to ask you whether these equipments to ring the bell were in use in 1912? A. I presume that they were, because they were equipment here when I came down here in March, 1913. (Defendant moves to strike out the answer as irrelevant, incompetent and immaterial; overruled; exception saved. Now defendant moves to strike out all of the testimony of this witness upon these signal devices as used upon the Rock Island Railroad, for the reason that the testimony was all directed to the present time, and hasn't any bearing upon whether such apparatus was used in the year 1912 or not, and is wholly immaterial in the controversy before this court. By the court: Overruled; exception saved.)"

To this objection, counsel for plaintiff made the following statement to the court: "We will connect that by further witnesses."

Thereupon, the court overruled the motion. The appellant assigns error upon the failure of the court to sustain each of the foregoing motions. The witness in question was the roadmaster of the Rock Island Lines. His testimony descriptive of the device in use was proper, as far as it went. His answer, however, to the redirect question above quoted, was objectionable, and the motion to strike it might very properly have been sustained. Considering, however, the

entire colloquy between the counsel and court at this point, and the offer of plaintiff's counsel to render the testimony of this witness material by the introduction of other connecting testimony, it was fairly within the discretion of the trial court to permit the testimony to stand. Other testimony was later introduced, from which it was made to appear without dispute that automatic devices of the general nature described by Bradley had been in general use for 12 or 15 years. The point was not further pressed by the defendant, and the motion to strike was not renewed. In view of this state of the record, there could be no possible prejudice to the defendant in the original ruling of the court.

3. The plaintiff introduced the testimony of certain witnesses, tending to show negligence of the defendant in the operation of its car after the discovery of the plaintiff's danger. This testimony bore upon the ques-

3. APPEAL AND ERROR: harmless error: erroneous reception of evidence: withdrawal of issue.

tion whether diligence was used to stop the car after the discovery of plaintiff's proximity to the track. The witnesses Watkins and Lewis had examined the track immediately after the accident, to discover evidence of the use of the brakes, and whether sand had been applied. Witnesses also testified as to the distance upon which the car could have been stopped upon an assumed rate of speed. Various objections were made to much of this testimony, bearing both upon its competency and the competency of the witnesses as assumed experts. This testimony was all introduced in support of the "last clear chance" theory of negligence. At the close of all the evidence, upon motion of the defendant, the issue thus made on this theory was expressly withdrawn from the consideration of the jury. The defendant's motion in that regard was sustained *in toto*. It is true that the defendant did not in terms move to strike out the evidence. But the question itself having been expressly eliminated from the consideration of the jury, this ruling, *prima facie*, eliminated all previous error, if any, pertaining to the introduction of

the testimony thereon, there being nothing in such testimony calculated of itself to inflame or prejudice the jury.

4.  The defendant requested certain instructions, Nos. 6 and 12, to the effect that the defendant, in the operation of its car, was entitled to the right of way and precedence over the crossing.  These instructions were not given in the form presented by the defendant. The principle there announced, however, permeated all the instructions as a matter of course.  There was nothing in plaintiff's pleading or evidence which assumed to claim any precedence over the defendant in the use of such crossing.  Such right of precedence to the defendant was assumed throughout the record.  The charges of negligence were predicated, not upon the violation of any right of precedence, but upon the failure of the defendant to give fair warning of its approach.  The court expressly instructed that it was the duty of the plaintiff to look and listen, and to use reasonable diligence to discover the approach of the defendant's car and to avoid the same. We think the defendant was not entitled to the formal instructions thus presented to the court.  They could only serve to emphasize a question which was in no manner in dispute.  We find no prejudicial error in the record.

4. TRIAL: instructions requested: adequately covering issues: uncontested matters.

The judgment below must therefore be affirmed.— *Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.